IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANIECE BROWN<br>on behalf of herself individually,<br>and ALL OTHERS SIMILARLY<br>SITUATED | § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION<br>(JURY TRIAL) |
| PARAMOUNT CARE SERVICES and<br>GAIL ANN CHAMPAGNE<br>Defendants. | § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. PARAMOUNT CARE SERVICES and GAIL ANN CHAMPAGNE do not pay its Caregivers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Paramount Care Services and GAIL ANN CHAMPAGNE pays their Caregivers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Laniece Brown, and the other Caregivers are entitled to recover unpaid overtime as well as other damages.

2. Paramount Care Services and GAIL ANN CHAMPAGNE have a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

1

3. Defendant Paramount Care Services is a Texas corporation with locations throughout Texas and the United States. Paramount Care Services can be served through its owner, Gail Ann Champagne at 17823 Theiss Mail Route, Spring, Texas 77379.

4. GAIL ANN CHAMPAGNE is the owner of Paramount Care services, she may be served at Paramount Care Services, located at 17823 Theiss Mail Route, Spring, Texas 77379.

5. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

6. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Paramount Care Services and GAIL ANN CHAMPAGNE who maintained a uniform pay policy denying overtime wages to its Caregivers and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

7. Defendant Paramount Care Service is a Senior Care Services company that hired Plaintiff and issued her paychecks.

8. Defendant GAIL ANN CHAMPAGNE is the owner of Paramount Care Services and as such is liable under the Fair Labor Standards Act.

9. Defendants Paramount Care Service and GAIL ANN CHAMPAGNE employed Plaintiff at its Spring Texas location and managed Plaintiff throughout the course and scope of her employment.

10. Putative class members are all similarly situated Caregivers hired by and who worked for Paramount Care Services and GAIL ANN CHAMPAGNE who were paid straight time instead of time and a half for hours worked above forty (40) per week.

## JURISDICTION AND VENUE

11. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

13. Laniece Brown worked for Paramount Care Services and GAIL ANN CHAMPAGNE as a Caregiver. Her written consent is attached.

14. Plaintiff was employed by Paramount Care Services and GAIL ANN CHAMPAGNE at their Spring, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

15. The "FLSA Class Members" are all Caregivers who were hired by Paramount Care Services at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

16. Laniece Brown was an employee of Paramount Care Services at its location in Spring, Texas.

17. Laniece Brown was not an independent contractor.

18. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Plaintiff and putative class members time and a half for the hours worked past forty (40) each week while employed by defendants.

19. Paramount Care Services and GAIL ANN CHAMPAGNE paid Plaintiff Laniece Brown and putative class members straight time, not time and a half, for the hours they worked above forty (40) during their employment with defendant.

20. Laniece Brown was employed by Defendants as a Caregiver from January 13, 2015 to July 27, 2016.

21. The work performed by Plaintiff was the primary type of work that Defendants provide for its customers.

22. Plaintiff's job duties included caring for disabled adults, helping patients with daily activities such as grooming, administering medicine and feeding patients.

23. The work performed by Plaintiff was an essential part of the services provided for Defendants' Clients.

24. Plaintiffs and putative class members relied on Defendants for their work.

25. Paramount Care Services determined where its Caregivers worked and how they performed their duties.

26. Paramount Care Services set Caregiver's hours and requires them to report to work on time and leave at the end of their scheduled hours.

27. Paramount Care Services' Caregivers at all locations work exclusively for Paramount Care Services since they work between 10 and 11 hours a day, as a practical matter, they cannot work anywhere else.

28. Caregivers are not permitted to hire other workers to perform their jobs for them.

29. The Caregivers do not employ staff, nor do they maintain independent places of business.

30. Caregivers employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising skill, and they are required to work the hours required by Paramount Care Services each day.

31. The Caregivers employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Paramount Care Services

32. Paramount Care Services pays Caregivers in return for their labor.

33. Paramount Care Services deducted taxes from the paychecks of Plaintiff and similarly situated employees.

34. Paramount Care Services keeps records of the hours it instructed its Caregivers to work. It also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

35. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

36. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

37. In addition to Laniece Brown, defendants employed dozens of other Caregivers at the location where Plaintiff worked and at other locations throughout Texas. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members

5

performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Laniece Brown.

38. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Caregivers employed by Paramount Care Services who worked at any of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

39. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Paramount Care Services and GAIL ANN CHAMPAGNE violated the FLSA.

40. Paramount Care Services and GAIL ANN CHAMPAGNE owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

41. Paramount Care Services and GAIL ANN CHAMPAGNE knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

42. Paramount Care Services and GAIL ANN CHAMPAGNE owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

43. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

    Respectfully submitted:

    THE FOLEY LAW FIRM
    By: */s/ Taft L. Foley II*
    Taft L. Foley, II
    Federal I.D. No. 2365112
    State Bar No. 24039890
    3003 South Loop West, Suite 108
    Houston, Texas 77054
    Phone: (832) 778-8182
    Facsimile: (832) 778-8353
    Taft.Foley@thefoleylawfirm.com

    **ATTORNEYS FOR PLAINTIFFS**